**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| YAODI HU ) | |
|     **Plaintiff** ) | |
| ) | Case No. 07 C 7203 |
| v. ) | |
| ) | Judge Robert M. Dow |
| VILLAGE OF MAYWOOD ) | |
| ROBINSON TOWING ) | Magistrate Judge Keys |
| ) | |
|     **Defendant.** ) | |

### DEFENDANT VILLAGE OF MAYWOOD'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

NOW COMES Defendant, the VILLAGE OF MAYWOOD (hereinafter "Village"), by and through its attorneys, KLEIN, THORPE AND JENKINS, LTD., and for its Motion to Dismiss Plaintiff's Complaint, Defendant states as follows:

### BACKGROUND

1. Since 2005 the Village has cited Plaintiff numerous times for parking his commercial vehicles in residential areas and for parking said vehicles on property owned by other residents of the Village.

2. As a result, the Village has issued code enforcement tickets to Plaintiff and levied fines related to the illegally parked vehicles.

3. The Village has also afforded Plaintiff the opportunity to contest these fines at administrative hearings conducted by the Village on at least two separate occasions, however Plaintiff has failed to attend those hearings.

4. Despite the fines levied by the Village against Plaintiff, and despite substantial communication between the parties regarding Plaintiff's illegally parked vehicles, Plaintiff has refused to cease and desist.

5. As a result, on November 9, 2007 the Village sent a pre-tow vehicle notice to Plaintiff via certified mail. This notice was sent to 1115 South 5th Avenue, Maywood, Illinois 60153, the address provided by Plaintiff in his Complaint. *Plaintiff's Complaint*, ¶4.

6. This notice, which was required to be sent only pursuant to §99.03 of the Maywood Village Code, gives the owner of the automobile in question seven (7) days to move their vehicle or, in the alternative, to request a hearing.

7. In this case, Plaintiff failed to move the vehicles in question or request a hearing.

8. As a result of Plaintiff's inaction the vehicles were towed and disposed of pursuant to Illinois law.

9. In response, Plaintiff filed a Complaint with this Court on December 21, 2007 in which Plaintiff alleged that the Village had violated his due process rights under the Fourteenth Amendment by towing the vehicles.

10. Specifically, Plaintiff alleges that the Village authorized the towing of two vehicles owned by Plaintiff without providing Plaintiff with sufficient notice. *Plaintiff's Complaint*, ¶1.

11. In doing so, Plaintiff does not allege that the Village failed to provide notice of its intention to tow the illegally parked vehicles or that the Village failed to send notice after the vehicles were towed, but rather Plaintiff alleges that the Village needed "to do more to notify Hu (Plaintiff) of any proceeding before depriving Hu's (Plaintiff's) property." *Plaintiff's Complaint*, ¶11.

## ARGUMENT

12. When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations as true and draws all reasonable inferences in favor of the plaintiff. *Brown v.*

*Budz*, 398 F.3d 904, 908 (7th Cir. 2005).  The Court should not grant a motion to dismiss unless it appears beyond doubt that the plaintiff cannot prove his claim under any set of facts consistent with the complaint.  *Holman v. Indiana*, 211 F.3d 399, 405 (7th Cir.2000).  If it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate. *Kalupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir.2006).

13.     In order to state a claim for violation of due process, a plaintiff must allege (1) that the interest allegedly lost was protected property or liberty interest under the Fourteenth Amendement, (2) that the alleged loss amounted to a deprivation, and (3) that the deprivation was without due process of law.  *Polenz v. Parrot*, 883 F.2d 551, 555 (7th Cir.1989).

14.     In this case, the Village does not argue that Plaintiff was not deprived of a protectible property interest in his vehicles, however the Village does argue that Plaintiff has not alleged facts sufficient to establish that the deprivation was without due process of law.

15.     As stated above, Plaintiff does not allege that the Village failed to provide notification to Plaintiff that the Village intended to tow Plaintiff's vehicles, nor does Plaintiff allege that the Village or Robinson Towing failed to send notification after the deprivation.

16.     Instead, Plaintiff alleges that the Village needed to do more to notify Plaintiff *before* towing the vehicles. *Plaintiff's Complaint*, ¶11.

17.     Plaintiff fails to recognize that the Village is not required to provide notice to the owner of a illegally parked car that it intends to tow the vehicle, even though the Village did notify Plaintiff of the impending towing.

18.     As aptly stated by the Seventh Circuit in *Sutton v. City of Milwaukee*, 672 F.2d 644, 646 (7th Cir.1982):

> We conclude that the benefits of towing illegally parked cars even when they are not creating an emergency-benefits that would be sacrificed by requiring notice and an opportunity to be heard in advance of towing-outweigh the very modest costs entailed by forgoing procedural safeguards that would be merely additive to the post-towing procedural safeguards to which the parties have stipulated. *We hold, therefore, that it is not a violation of the due process clause to tow an illegally parked car without first giving the owner notice and an opportunity to be heard with respect to the lawfulness of the tow* (emphasis added).

19.     Despite the fact that the Village was not required by law to notify Plaintiff before towing his vehicles, Plaintiff did receive ample notice that his vehicles were illegally parked.

20.     The Village informed Plaintiff of the violation as early as December 2005; the Village issued code enforcement tickets on at least two separate occasions; the Village provided Plaintiff the opportunity to be contest those tickets at administrative hearings; the Village informally contacted Plaintiff on numerous occasions regarding the illegally parked vehicles; and the Village notified Plaintiff of its intention to tow the vehicles, which the Village is not even required to do under federal law.

21.     Not only is Plaintiff's Complaint legally insufficient, but the facts of this case will clearly show that the Village went above and beyond what was required by law to notify Plaintiff that his vehicles were illegally parked and subject to being towed.

22.     Therefore, Plaintiff has failed to state a claim upon which relief can be granted and his Complaint should be dismissed with prejudice.

WHEREFORE, the VILLAGE OF MAYWOOD respectfully request that Plaintiff's Complaint be dismissed with prejudice and for any further relief this Court deems just and proper.

        Respectfully submitted,

        VILLAGE OF MAYWOOD,

        By:    /s/ Brian M. Funk

Brian M. Funk
Klein, Thorpe and Jenkins, Ltd.
20 North Wacker Drive, Suite 1660
Chicago, Illinois 60606-2903
(312) 984-6400
ARDC: 6277501