UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YAODI HU, )<br>)<br>  Plaintiff, )<br>) <br>v. )<br>)<br>VILLAGE OF MAYWOOD and )<br>ROBINSON TOWING, )<br>)<br>  Defendants. ) | Case No. 07 C 7203<br><br>Judge Robert M. Dow |

### DEFENDANT VILLAGE OF MAYWOOD'S
### MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES Defendant, the VILLAGE OF MAYWOOD (hereinafter "Village"), by and through its attorneys, KLEIN, THORPE AND JENKINS, LTD., and for its Motion to Dismiss Plaintiff's First Amended Complaint, Defendant states as follows:

### BACKGROUND

1. On December 21, 2007, Plaintiff filed a complaint in which he alleged that the Village had violated his due process rights under the Fourteenth Amendment by towing two illegally parked vehicles owned by the Plaintiff. Specifically, Plaintiff alleged that the Village did not provide sufficient notice of the towing of the vehicles in question. Plaintiff's Complaint, ¶1.

2. In response to this Complaint, the Village filed its first Motion to Dismiss on December 19, 2008 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

3. In its Motion, the Village pointed out that it had warned Plaintiff on numerous occasions about the illegally parked vehicles. Specifically, over the course of three (3) years the Village had issued tickets to Plaintiff, served Plaintiff with written warnings,

iManage:211117_1

spoke to Plaintiff in person regarding the vehicles and afforded Plaintiff the opportunity to be heard on several occasions at administrative hearings, which Plaintiff failed to attend.

4. In support of its first Motion to Dismiss the Village also cited well-established case law which precluded Plaintiff from bringing his lawsuit against the Village.

5. The Court subsequently set a briefing schedule for the Motion on February 20, 2008.

6. On March 19, 2008, Plaintiff responded to the Village's Motion by filing a First Amended Complaint without seeking leave from this Court.

7. The Village now moves to dismiss Plaintiff's First Amended Complaint in its entirety as Plaintiff's First Amended Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure.

**ARGUMENT**

8. Under the Federal Rules of Civil Procedure a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that each averment be "simple, concise, and direct." Fed.R.Civ.P. 8(a)(2) and 8(e).

9. When a complaint fails to comply with the requirements set forth in Rule 8, the Court has the power to dismiss the complaint. Simmons v. Abruzzo, 49 F.3d 83, 86 (2nd Cir. 1995).

10. The standard for determining whether a complaint should be dismissed for failing to comply with Rule 8 was summarized by Judge Easterbrook in U.S. v. Lockheed-Martin Corporation, 328 F.3d 374 (7th Cir. 2003), as follows:

> Some complaints are windy but understandable. Surplusage can and should be ignored. Instead of insisting that the parties perfect their pleadings, a judge should bypass the dross and get on with the case. A

>district court is not authorized to dismiss a complaint merely because it contains repetitious and irrelevant matter, a disposable husk around a core of proper pleading. But although fat in a complaint can be ignored, dismissal of a complaint on the ground that it is unintelligible is unexceptionable. Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter. Three circuits have held that length and complexity may doom a complaint by obfuscating the claim's essence. U.S. v. Lockheed-Martin Corporation, 328 F.3d at 378.

11. In this case Plaintiff's First Amended Complaint clearly fails to comply with the pleading requirements set forth in Rule 8.

12. First, the sheer length of the document makes it burdensome and unintelligible as the Amended Complaint is 27 pages long and contains 200 numbered paragraphs.

13. The Amended Complaint also contains 18 separate counts including counts under the Fair Housing Act, the Civil Rights Act, the Sherman Act, the First Amendment, the Fifth Amendment, the Fourteenth Amendment, the Illinois Antitrust Act, the Illinois Constitution, and the common law principles of conversion, unjust enrichment and fraud.

14. In addition, most of the allegations contained in the Amended Complaint are not factual allegations but rather legal arguments in the form of case citations.

15. When Plaintiff does make factual allegations those allegations are unclear and presented in no particular order and are more akin to a stream of consciousness, jumping from subject to subject.

16. Furthermore, some of the counts contain multiple sets of facts which make it impossible for the Village to determine what Plaintiff is alleging in each of the 18 counts.

17. Essentially, the Complaint is so defective and so incoherent that there is no way that the Village can respond to Plaintiff's allegations and therefore no way that this litigation can move forward.

18. In addition to the clear violation of Rule 8 there can be no doubt after reviewing the pleading that Plaintiff's Amended Complaint is frivolous in nature and is simply meant to harass, burden and frustrate Defendants into compensating Plaintiff for his own negligence and misbehavior.

19. As a result, Defendants will be greatly prejudiced if the Court allows Plaintiff's First Amended Complaint to stand.

## CONCLUSION

The Plaintiff's First Amended Complaint is in violation of Rule 8 of the Federal Rules of Civil Procedure in every conceivable way and should be dismissed. If Plaintiff's Amended Complaint is allowed to stand Defendants will be greatly prejudiced and it will be impossible for the Court to conduct orderly litigation in this matter.

**WHEREFORE**, the VILLAGE OF MAYWOOD respectfully requests that Plaintiff's Complaint dismissed with prejudice and for any further relief this Court deems just and proper.

Respectfully submitted,

VILLAGE OF MAYWOOD,

By: __/s/ Brian M. Funk___

Brian M. Funk
Klein, Thorpe and Jenkins, Ltd.
20 North Wacker Drive, Suite 1660
Chicago, Illinois 60606-2903
(312) 984-6400
ARDC: 6277501

iManage:211117_1