UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YAODI HU, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>VILLAGE OF MAYWOOD and )<br>ROBINSON TOWING, )<br>)<br>    Defendants. ) | Case No. 07 C 7203<br><br>Judge Robert M. Dow |

### DEFENDANT VILLAGE OF MAYWOOD'S
### MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW COMES Defendant, the VILLAGE OF MAYWOOD (hereinafter "Village"), by and through its attorneys, KLEIN, THORPE AND JENKINS, LTD., and for its Motion to Dismiss Plaintiff's Second Amended Complaint, Defendant states as follows:

### BACKGROUND

1. On December 21, 2007, Plaintiff filed a complaint in which he alleged that the Village had violated his due process rights under the Fourteenth Amendment by towing two illegally parked vehicles owned by the Plaintiff. Specifically, Plaintiff alleged that the Village did not provide sufficient notice of the towing of the vehicles in question. Plaintiff's Complaint, ¶1.

2. In response to this Complaint, the Village filed its first Motion to Dismiss on December 19, 2007 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

3. In its Motion, the Village pointed out that it had warned Plaintiff on numerous occasions about the illegally parked vehicles. Specifically, over the course of three (3) years the Village had issued tickets to Plaintiff, served Plaintiff with written warnings,

iManage:213935_1

spoke to Plaintiff in person regarding the vehicles and afforded Plaintiff the opportunity to be heard on several occasions at administrative hearings, which Plaintiff failed to attend.

4. In support of its first Motion to Dismiss the Village also cited well-established case law, which precluded Plaintiff from bringing his lawsuit against the Village.

5. The Court subsequently set a briefing schedule for the Motion on February 20, 2008.

6. On March 19, 2008, Plaintiff responded to the Village's Motion by filing a First Amended Complaint without seeking leave from this Court.

7. The Village subsequently moved to dismiss Plaintiff's First Amended Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

8. On April 17, 2008, the Court granted the Village's motion and directed Plaintiff to amend his First Amended Complaint in compliance with Rule 8.

9. On April 17, 2008, Plaintiff immediately filed his Second Amended Complaint (which is incorrectly labeled First Amended Complaint).

10. The Village now moves to dismiss Plaintiff's Second Amended Complaint in its entirety as Plaintiff's Second Amended Complaint still fails to comply with Rule 8 of the Federal Rules of Civil Procedure.

## ARGUMENT

11. Under the Federal Rules of Civil Procedure a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that each averment be "simple, concise, and direct." Fed.R.Civ.P. 8(a)(2) and 8(e).

12. When a complaint fails to comply with the requirements set forth in Rule 8, the Court has the power to dismiss the complaint. <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2nd Cir. 1995).

13. The standard for determining whether a complaint should be dismissed for failing to comply with Rule 8 was summarized by Judge Easterbrook in <u>U.S. v. Lockheed-Martin Corporation</u>, 328 F.3d 374 (7th Cir. 2003), as follows:

> Some complaints are windy but understandable. Surplusage can and should be ignored. Instead of insisting that the parties perfect their pleadings, a judge should bypass the dross and get on with the case. A district court is not authorized to dismiss a complaint merely because it contains repetitious and irrelevant matter, a disposable husk around a core of proper pleading. But although fat in a complaint can be ignored, dismissal of a complaint on the ground that it is unintelligible is unexceptionable. Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter. Three circuits have held that length and complexity may doom a complaint by obfuscating the claim's essence. <u>U.S. v. Lockheed-Martin Corporation</u>, 328 F.3d at 378.

14. Despite the Court's directions to Plaintiff, Plaintiff's Second Amended Complaint still clearly fails to comply with the pleading requirements set forth in Rule 8.

15. While Plaintiff has reduced the number of paragraphs in his Complaint from 200 to 117, the substance and format of the Complaint has been unchanged.

16. Essentially, the only amendment made to Plaintiff's First Amended Complaint was the subtraction of numerous case law citations.

17. Plaintiff has failed to remedy any of the substantive issues related to his complaint, which were the subject of the Village's Motion to Dismiss Plaintiff's First Amended Complaint and which were also highlighted by Your Honor in open court.

18. As noted in the Village's Motion to Dismiss Plaintiff's First Amended Complaint, the factual allegations made by Plaintiff are unclear and presented in no particular order and are more akin to a stream of consciousness, jumping from subject to subject.

19. In addition, many of the numbered Paragraphs in Plaintiff's Second Amended Complaint contain multiple, unrelated allegations which make it impossible to understand the basis for each of Plaintiff's 18 separate alleged causes of action.

20. Plaintiff also sets forth multiple and completely unrelated allegations under many of the Counts set forth in the Second Amended Complaint, which makes it impossible to determine what exactly Plaintiff is alleging as the basis for each of those particular causes of action.

21. For example, in Count II Plaintiff alleges violations of his 14th Amendment Due Process rights but includes, under Count II, multiple sets of unrelated allegations ranging from the towing of his car, to the alleged failure of the Village to record a Village Plan Commission meeting. In addition, in Count II Plaintiff also sets forth a constitutional challenge of Section 99.03 of the Maywood Village Code, which has absolutely no relation to his claims under the 14th Amendment. <u>Plaintiff Second Amended Complaint</u>, ¶¶ 34-47.

22. This hodge-podge of allegations and legal arguments set forth by Plaintiff in Count II is indicative of Plaintiff's entire Second Amended Complaint.

23. In addition to Plaintiff's failure to plead clear and concise statements as required by Rule 8, Plaintiff also fails to provide any dates or times for many of the allegations contained herein, which again makes it impossible for the Village to respond to the Second Amended Complaint.

24. It is clear that Plaintiff made little effort to comply with the Court's directions as evidenced by the fact Plaintiff's Second Amended Complaint was filed shortly after the hearing on the Village's Motion to Dismiss Plaintiff's First Amended Complaint.

25. As a result, Plaintiff's Second Amended Complaint is still so defective and so incoherent that there is no way that the Village can respond to Plaintiff's allegations and therefore no way that this litigation can move forward.

26. If the Court allows Plaintiff's Second Amended Complaint to stand Defendants will be greatly prejudiced.

## CONCLUSION

The Plaintiff's Second Amended Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure and should be dismissed. If Plaintiff's Amended Complaint is allowed to stand Defendants will be greatly prejudiced and it will be impossible for the Court to conduct orderly litigation in this matter.

**WHEREFORE**, the VILLAGE OF MAYWOOD respectfully requests that Plaintiff's Complaint be dismissed and for the following relief:

1) Grant Plaintiff leave to file a Third Amended Complaint within 14 days from the date the Court rules on the Village's Motion to Dismiss Plaintiff's Second Amended Complaint;

2) Require Plaintiff to comply with Rule 8 by doing the following:

   a. Set forth the allegations of his Complaint in short and plain statements;
   b. Set forth one allegation per each of the numbered paragraphs set forth in his Complaint;
   c. Set forth one set of facts under each Count;
   d. Set forth one cause of action per each Count; and
   e. Set forth dates that each of the alleged occurrences took place.

3) Grant Defendants 28 days to answer or otherwise plead from the date that Plaintiff files his Third Amended Complaint; and

4) For such further relief as this Court deems just and proper.

            Respectfully submitted,

            VILLAGE OF MAYWOOD,

            By: /s/ Brian M. Funk

Brian M. Funk
Klein, Thorpe and Jenkins, Ltd.
20 North Wacker Drive, Suite 1660
Chicago, Illinois 60606-2903
(312) 984-6400
ARDC: 6277501

iManage:213935_1