IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YAODI HU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 07 CV 7203 |
| | ) Judge Dow |
| VILLAGE OF MAYWOOD, | ) Magistrate Judge Keys |
| ROBINSON TOWING, INC., | ) |
| | ) |
| Defendants. | ) |

FILED
07CV 7203  MAY 23 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### NOTICE OF FILING

To: Yaodi Hu, 219 West Cermak Road, Chicago, Illinois 60616
Brian M. Funk, Klein, Thorpe and Jenkins, Ltd., Suite 1660, 20 North Wacker Drive, Chicago, IL 60606-2903

**PLEASE TAKE NOTICE** that on May 23, 2008, the Defendant, Robinson Towing, Inc., filed with the Clerk of the United States District Court For The Northern District Of Illinois Eastern Division, the Defendant's, Robinson Towing, Inc., Motion To Dismiss Plaintiff's First Amended Complaint Filed April 17, 2008, Pursuant To Rule 8 Of The Federal Rules Of Civil Procedure, a true and correct photocopy of which is attached hereto and served upon you.

/s/ Jeffrey E. Marek

### CERTIFICATE OF SERVICE

I, JEFFREY E. MAREK, do hereby certify pursuant to 735 ILCS 5/1-109 that on the 23rd day of May, 2008, I served a true and correct photocopy of this Notice Of Filing with a photocopy of the above motion attached, on the above named, at the above addresses, by placing same in an envelope properly addressed to the above name at the above addresses and depositing same in the United States Mail at Elmhurst, Illinois, with proper postage prepaid before the hour of 4:00 P.M.

/s/ Jeffrey E. Marek

JEFFREY E. MAREK
Attorney for Robinson Towing, Inc.
103 South York Road, #105
Elmhurst, Illinois 6026
630-832-8546

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

YAODI HU, )
 )
       **Plaintiff**, )
 )
vs. ) No. 07 CV 7203
 ) Judge Dow
VILLAGE OF MAYWOOD, ) Magistrate Judge Keys
ROBINSON TOWING, INC., )
 )
       **Defendants.** )

FILED
5-23-2008
MAY 2 3 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## DEFENDANT ROBINSON TOWING, INC. MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FILED APRIL 17, 2008, PURSUANT TO RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE

**NOW COMES** the Defendant, ROBINSON TOWING, INC., by and through its Attorney, JEFFREY E. MAREK, and for its Motion To Dismiss Plaintiff's First Amended Complaint Filed April 17, 2008, Pursuant To Rule 8 of the Federal Rules Of Civil Procedure, respectfully states unto the Court as follows:

1. That the Defendant, ROBINSON TOWING, Inc., an Illinois Corporation, for time to time performs towing services for the Village Of Maywood on an as needed basis, which services are requested via telephone call to the Defendant, ROBINSON TOWING, INC., at the time they are needed.

2. That the Defendant, ROBINSON TOWING, INC., is an independent Illinois Domestic Corporation and is not affiliated in any manner with the Village

1

Of Maywood, but for the towing services it provides as requested by the Village Of Maywood.

3. That on November 9, 2007 the Defendant, ROBINSON TOWING, INC., received instructions from the Village Of Maywood to remove two (2) vehicles, the first from 1110 South 4th Avenue, Maywood, Illinois, a certain 1985 White Ford, VIN 1PDJE37L2FHA52663, and the second from 1116 South 4th Avenue, Maywood, Illinois, a certain 1995 White Ford, VIN 1FDNF80C3SVAC5241.

4. That the Pre-Tow Vehicle Notice for the White 1985 Ford that was served upon the Plaintiff by the Village Of Maywood was previously attached to the first Motion To Dismiss, as **Exhibit 1**, previously filed by ROBINSON TOWING, INC.

5. That the Authorization For Towing for the White 1985 Ford that was issued to the Defendant, ROBINSON TOWING, INC., by the Village Of Maywood and was previously attached to the first Motion To Dismiss, as **Exhibit 2**, previously filed by ROBINSON TOWING, INC.

6. That the Pre-Tow Vehicle Notice for the White 1995 Ford that was served upon the Plaintiff by the Village Of Maywood was previously attached to the first Motion To Dismiss, as **Exhibit 3**, previously filed by ROBINSON TOWING, INC.

2

7. That the Authorization For Towing for the White 1995 Ford that was issued to the Defendant, ROBINSON TOWING, INC., by the Village Of Maywood and was previously attached to the first Motion To Dismiss, as **Exhibit 4**, previously filed by ROBINSON TOWING, INC .

8. That both the 1985 and 1995 White Ford Trucks were towed, as requested by the Village Of Maywood, by the Defendant, ROBINSON TOWING, INC., on November 20, 2007.

9. That Paragraph 1 of the Plaintiff's Complaint joins ROBINSON TOWING, INC. as a 1983 defendant in the Plaintiff's Complaint.

10. That Paragraph 3 of the Plaintiff's First Amended Complaint identifies ROBINSON TOWING, INC., as a Towing Company with an address in Maywood, Illinois and makes no further statement with respect to ROBINSON TOWING, INC.

11. That the Plaintiff's First Amended Complaint contains eighteen (18) Counts, one hundred ten (110) Paragraphs, however, no facts or conclusions are plead by the Plaintiff in his First Amended Complaint that give notice to the Defendant, ROBINSON TOWING, INC. of the basis of the Plaintiff's cause of action against ROBINSON TOWING, INC.

12. That the "Statement of Facts Regarding Towing" set forth in the Plaintiff's First Amended Complaint details the Village of Maywood Ordinance

3

defining abandoned vehicles and no facts or conclusions are plead therein against ROBINSON TOWING, INC. that provide the basis for the Plaintiff's First Amended Complaint for any cause of action.

13. That Counts I and II of the Plaintiff's First Amended Complaint appear to be brought against the Village of Maywood only, however, in Paragraphs 46 and 47 of Count II of the Plaintiff's First Amended Complaint the Defendant, ROBINSON TOWING, INC., is mentioned, however, no facts or conclusions are set forth to support a cause of action against ROBINSON TOWING, INC. for Violation of Procedural Due Process of the Fourteenth Amendment which is the cause of action the Plaintiff is seeking to maintain in Count II of his First Amended Complaint.

14. That Counts III and IV appear to be brought against the Village of Maywood only.

15. That Count V is a claim for Conversion and Unjust Enrichment, however, the Plaintiff, in his First Amended Complaint, fails to address his failure to comply with State and Local law as same pertains to his abandoned vehicles and he also fails to address the compliance of ROBINSON TOWING, INC. with State and Local law regarding the lawful towing of his vehicles and the disposition of the vehicles thereafter as provided by Illinois law.

16. That Count VI appears to be brought against the Village of Maywood only.

17. That Count VII, a Count alleging Violation of Substantive Due Process of the Fourteenth Amendment contains a Paragraph, numbered 71. which Paragraph details the compliance of ROBINSON TOWING, INC., with Illinois law as same pertains to the towing of abandoned vehicles and fails to allege any facts or conclusions that support a denial of Substantive Due Process of the Fourteenth Amendment.

18. That Counts VIII and IX appear to be brought against the Village of Maywood only.

19. That Count X contains a Paragraph numbered 83 which indicates ROBINSON TOWING, INC. took the Plaintiff's vehicle in Violation of the Illinois Constitution without just compensation, however, the Plaintiff fails to address the compliance of ROBINSON TOWING, INC. with State and Local law regarding the lawful towing of his vehicles and the disposition of the vehicles thereafter as provided by Illinois law.

20. That Counts XI, XII, XIII, XIV and XV appear to be brought against the Village of Maywood only.

21. That Count XVI contains a Paragraph numbered 103 which indicates ROBINSON TOWING, INC. subjected the Plaintiff to an unreasonable seizure

under the Fourth Amendment of the United States Constitution, however, the Plaintiff fails to address the compliance of ROBINSON TOWING, INC. with State and Local law regarding the lawful towing of his vehicles and the disposition of the vehicles thereafter as provided by Illinois law.

22. That Count XVII appears to be brought against the Village of Maywood only.

23. That Count XVIII alleges ROBINSON TOWING, INC. conspired with the Village of Maywood to deprive the Plaintiff of his constitutional right of due process because of his race, however, the Plaintiff does not allege any facts or conclusion to establish his claim of conspiracy and the Plaintiff fails to address the compliance of ROBINSON TOWING, INC. with State and Local law regarding the lawful towing of his vehicles and the disposition of the vehicles thereafter as provided by Illinois law.

## ARGUMENT

24. That in <u>Donald McCormack v. City of Chicago, et al</u>, 230 F.3d 319 (7th Cir. 2000) the 7th Circuit Appellate Court recognized that to survive a Motion To Dismiss " a pleading must only contain enough to allow the Court and the Defendant to understand the gravamen of the Plaintiff's complaint", <u>Id</u> at 324. The 7th Circuit Appellate Court went on to note that "Pro Se Complaints are to be liberally construed and not held to the stringent standards expected of pleadings

6

drafted by lawyers", Id at 325.

25. That the 7th Circuit also recognized in McCormack that a Pro Se Complaint may only be dismissed if it is beyond doubt that there is no set of facts under which the Plaintiff could obtain relief, Donald McCormack v. City of Chicago, et al, 230 F.3d 319 (7th Cir. 2000).

26. That the Plaintiff's First Amended Complaint fails to allege any general allegations to support his conspiracy, due process violations, conversion, unjust enrichment or other allegations of his First Amended Complaint and is a clear and deliberate violation of Rule 8 of the Federal Rules of Civil Procedure, which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief" since the Plaintiff's First Amended Complaint is a rambling of sentences and paragraphs that fail to show the Plaintiff is entitled to relief.

**WHEREFORE**, the Defendant, ROBINSON TOWING, INC., prays for an Order dismissing the Plaintiff's First Amended Complaint against the Defendant, ROBINSON TOWING, INC., for failing to comply with Rule 8 Of The Federal Rules Of Civil Procedure, with prejudice, and that the Defendant, ROBINSON TOWING, INC., be granted any further relief the Court deems just and equitable in the premises and that it be allowed its costs for defending against same which has been so frivolously brought.

Respectfully submitted,

_____
JEFFREY E. MAREK

JEFFREY E. MAREK
Attorney for Robinson Towing, Inc.
Suite 105
1035 South York Road
Elmhurst, Illinois 60126
630-832-8546
ARDC # 6187370