IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| Yaodi Hu | ) | |
|    plaintiff | ) | **Jury** demand |
| v. | ) | |
| Village of Maywood | ) | Judge Dow     Magistrate Key |
| Robinson Towing | ) | 07 cv 7203 |

## Opposition to Maywood's Motion to Dismiss

1. Dismissal pursuant to Fed. R.Civ. P. 8 is usually reserved for those cases in which complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any is well disguised. **_Wynder v. McMahon_**, 360 F.3d 73, 80 (2nd Cir., 2004)

2. "The key to Rule 8 (a)'s requirement is whether adequate notice is given." _**Id**_ at 79 The rule is fashioned in the interest of fair and reasonable notice, not technicality.   In Simmons, we defined fair notice as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial." 49 F.3d at 86 (internal quotation marks omitted); see also Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir.1988) (fair notice is judged by whether the complaint enables defendants "to answer and prepare for trial") _id_ at 79.

3. "Under Swierkiewicz, Rule 8 pleading is extremely permissive. 534 U.S. at 512-13, 122 S.Ct. 992. As the Supreme Court there noted, Rule 8(a)(2) provides (a) that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief," and (b) that such a statement simply "`give the defendant

1

fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" 534 U.S. at 512, 122 S.Ct. 992 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))" *id* at 77

4. It is interesting that in the case of ***Wynder v. McMahon***, the district court ordered plaintiff to provide case authority supporting its claim, and ultimately dismissed the case for not complying with the Court demanding that, while Plaintiff Hu here was being criticized for providing the case authorities supporting his legal claim.

5. Plaintiff Hu's complaint complies with Rule 8 by giving defendant fair notice regarding what is the nature of his complaint and providing defendant more than adequate preparation for trial.

6. Defendant failed to raise issue of lack of fair notice.   Besides, defendant can always bring its motion to clarify.  Defendant is also free to bring a motion to dismiss for those counts it think plaintiff Hu failed to state a claim.  ***Wynder v. McMahon*** at 80.

7. "Moreover, we by no means preclude the district court from striking those particular portions of the complaint, if any, that do not satisfy Rule 8" *Id* at 81.

8. Defendant failed to allege specific prejudice to it,  its Rule 8 motion is dilatory and prejudicial to plaintiff.  Defendant's Motion is frivolous, sanctionable under Rule 11.

9. Defendant's counsel might seem to be incapable of understanding Hu's substantive legal claim and incapable of adequately representing their client. If that is the case, under the ethics rule, they ought to refer the case to other counsel who can handle Hu's claim.   Defendant's motion must be denied.

Respectfully submitted,            Yaodi hu     219 w. cermak Chicago iL 60616

773 216 3173    yaodi hu signature

2