IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| Yaodi Hu | ) | |
|     plaintiff | ) | **Jury** demand |
| v. | ) | |
| Village of Maywood | ) | Judge Dow    Magistrate Key |
| Robinson Towing | ) | 07 cv 7203 |

# Opposition to Robinson Towing's Motion to Dismiss

## Robinson Towing's Rule 8 Motion is not Appropriate

1. If Robinson Towing is so confused by Hu's Second Amended Complaint as to be unable to respond to Hu's complaint, it is entitled to make a motion under Rule 12 (e) for More definite statement.   Instead, Robinson Towing made a motion inappropriately under Rule 8.

2. If Plaintiff Hu failed to state a claim on certain or all counts of claims,   Robinson Towing is entitled to file a motion to dismiss under Rule 12 (b)(6).  Instead, Robinson Towing made a motion inappropriately under Rule 8.

3. If Plaintiff Hu's Complaint is redundant, immaterial and so forth, Robinson Towing is entitled to file Motion to strike under Rule 12 (f).   Instead, Robinson Towing made a motion inappropriately under Rule 8.

## Rule 12 (e) Motion is Proper when it is Impossible to Respond

4. "FRCP 12 (e) motions are appropriate when complaint is sufficiently intelligible for court to be able to make out one or more potentially viable legal theories on which

1

claimant might proceed, but it must be so vague or ambiguous that opposing cannot respond, even with simple denial, in good faith or without prejudice to himself" **_Sefton v. Jew_** 204 FRD 104, (WD TX 2000).

5. "Motions for more definite statement will only be granted if pleading is so vague or ambiguous that opposing party cannot respond in good faith or without prejudice to himself." **_Hobbs. V. BH Cars, Inc_**. 17 FLW Fed D. 819 (SD Fla, 2004).

## Usually Only Partial Striking is Proper Under Rule 12 or 8

6. Defendant's Motion to dismiss is really a motion to strike under Rule 12 (f). "To prevail on motion to strike, defendant must show that it is clear that challenged matter has no bearing on subject matter of litigation, and that its inclusion will prejudice defendant." **_In re NASDAQ Market-Markers Antitrust Litig._** 164 FRD 346 (SD NY 1996).

7. Under Rule 12 (f) "Motion to strike is extraordinary remedy which will not be granted unless it is clear that allegations in question can have not possible bearing on subject matter of litigation." **_Velez v. Lisi_** 164 FRD 165 (SD, NY 1995).

8. "Moreover, we by no means preclude the district court from striking those particular portions of the complaint, if any, that do not satisfy Rule 8" **_Wynder v. McMahon_**, 360 F.3d 73, 81 (2nd Cir., 2004). Essentially, this Court can strike those portions of the Complaint that does not comply with Rule 8.

9. Under either Rule 8 or Rule 12(f), this Court can strike those parts of the complaint that does not comply with either Rule 8 or Rule 12 (f).

## Rule 8 Should Be Liberally Construed in Favor of Pleader

10. Rule 8 (e) (1) states that "No technical forms of pleading or motion are required."

11. Rule 8 (e) (2) states that "A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable or maritime grounds."

12. "For purpose of motion to dismiss, complaint is to be liberally construed in favor of plaintiff." **Reiff v. Pennslvania** 397 F.Supp. 345 (ED Pa 1975).

13. Dismissal pursuant to Fed. R.Civ. P. 8 is usually reserved for those cases in which complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any is well disguised. **Wynder v. McMahon**, 360 F.3d 73, 80 (2nd Cir., 2004)

*14.* "On motion to dismiss for insufficiency of statement, complaint should be construed in light most favorable to plaintiff and with all doubts resolved in its favor." **Cool v. International Shoe Co** 142 F.2d 318 (CA8 Mo, 1944).

15. "Court must construe complaints so as to give averments force and effect if such construction is reasonable." **Mails v. Kansas City Public Service Co**. 51 F.Supp. 562, (DC Mo, 1943).

16. "It is not material, under liberal rules of pleadings, that cause of action is mislabeled by counsel." **Alexander v. Unification Church of America** 634 F.2d 673 (CA 2, NY 1980).

17. Under Rule 8, "Pleadings should not be dismissed or ordered amended unless the allegations therein are not sufficiently particular to give notice of the matter in

controversy or unless the form thereof is instinct with demonstrable prejudice." *__Merrin Jewelry Co. v. St. Paul Fire and Maine Ins__*. Co., 301 F.Supp. 479, 481 (S.D.N.Y., 1969).

18. "However, where as here the opposing party can suffer no discernible prejudice, the Court pursuant to Rules 8(e) and 8(f), may overlook such inartistic pleading in the interest of avoiding unnecessary collateral and time-consuming exercises" *id* at 481.

19. Both Defendants are wasting this Court's time by filing Rule 8 Motion. Their purpose is to delay the process. Those Rule 8 motions are "unnecessary collateral and time-consuming exercises" which should be avoided by this Court. *id* at 481

20. Plaintiff Hu has filed many actions in this Court and it is the first time defendants file such frivolous Rule 8 motion to dismiss.

21. Under Rule 8, "Complaint may not be dismissed on motion if it states some sort of claim even though such claim may eventually prove to be baseless and even though complaint may be inartistically drawn." *__Crockard v. Publishers, Saturday Evening Post Magazine__* 19 FRD 511 (DC Pa, 1956).

22. "The key to Rule 8 (a)'s requirement is whether adequate notice is given." *__Id__* at 79 The rule is fashioned in the interest of fair and reasonable notice, not technicality. In Simmons, we defined fair notice as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial." 49 F.3d at 86 (internal quotation marks omitted); see also Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir.1988) (fair notice is judged by whether the complaint enables defendants "to answer and prepare for trial") *id* at 79.

4

23. "Under Swierkiewicz, Rule 8 pleading is extremely permissive. 534 U.S. at 512-13, 122 S.Ct. 992. As the Supreme Court there noted, Rule 8(a)(2) provides (a) that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief," and (b) that such a statement simply "`give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" 534 U.S. at 512, 122 S.Ct. 992 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))" *id* at 77

24. It is interesting that in the case of ***Wynder v. McMahon***, the district court ordered plaintiff to provide case authority supporting its claim, and ultimately dismissed the case for not complying with the Court order demanding that, while Plaintiff Hu here was being criticized for providing the case authorities supporting his legal claim.

25. Plaintiff Hu's complaint complies with Rule 8 by giving defendant fair notice regarding what is the nature of his complaint and providing defendant more than adequate preparation for trial.

26. Defendant failed to allege specific prejudice to it, its Rule 8 motion is dilatory and prejudicial to plaintiff. Defendant's Motion is frivolous, sanctionable under Rule 11.

27. Regarding towing, Plaintiff Hu made it clear, that defendant Robinson Towing is a state actor and all the counts against Maywood regarding towing is also directed at Robinson Towing. On the other hand, Robinson Towing was not involved in any way regarding the business license and zoning hearing and therefore, all the counts of claim are directed at Village of Maywood alone.

28. Defendant's counsel might seem to be incapable of understanding Hu's substantive legal claim and incapable of adequately representing their client. If that is the case,

5

under the ethics rule, he ought to refer the case to other counsel who can handle Hu's claim.   Defendant's motion must be denied.

Respectfully submitted,           Yaodi hu    219 w. cermak Chicago iL 60616

773 216 3173   yaodi hu signature