**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| YAODI HU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 07 C 7203 |
| v. ) | |
| ) | Judge Robert M. Dow |
| VILLAGE OF MAYWOOD and ) | |
| ROBINSON TOWING, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT VILLAGE OF MAYWOOD'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW COMES Defendant, the VILLAGE OF MAYWOOD (hereinafter "Village"), by and through its attorneys, KLEIN, THORPE AND JENKINS, LTD., and for its Reply in support of its Motion to Dismiss Plaintiff's Second Amended Complaint, Defendant states as follows:

1. In Plaintiff's Response to the Village's Motion to Dismiss, Plaintiff argues that his Second Amended Complaint should only be dismissed, pursuant to Rule 8, if his Complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Citing Wynder v. McMahon, 360 F.3d. 73, 80 (2nd Cir. 2004).

2. In the case at bar this is exactly the problem; Plaintiff's Second Amended Complaint *is* so confusing, ambiguous, vague and unintelligible that it will be impossible for the parties to conduct orderly litigation.

3. As noted in the Village's Motion to Dismiss, Plaintiff's First Amended Complaint was dismissed by the Court on April 17, 2008 for failure to satisfy the pleading requirements set forth in Rule 8.

4. On that date, the Court explained to Plaintiff, a pro se litigant, that his Complaint was convoluted, unintelligible and burdensome.

5. The Court granted Plaintiff leave to amend his Complaint for a second time after providing Plaintiff with ample guidance on how to properly draft the Second Amended Complaint.

6. However, Plaintiff completely ignored the Court's advice and instruction.

7. Instead of making any substantive changes, Plaintiff simply removed some of the case law citations contained in his First Amended Complaint and quickly refiled his Second Amended Complaint only a few hours after the motion hearing.

8. In doing so, Plaintiff put no real effort into amending his pleadings and, as a result, has forced both Defendant's to prepare and file similar motions to dismiss Plaintiff's Second Amended Complaint.

9. It is the Defendants' contention that Plaintiff's Second Amended Complaint is so deficient that it makes it impossible for the parties to litigate Plaintiff's claims, which are already without merit.

10. Some of the deficiencies present in Plaintiff's Second Amended Complaint are as follows:  (1) The Complaint is mislabeled; (2) Plaintiff does not provide dates for the allegations set forth in his Complaint which makes it impossible for the Village to assert any defenses it may have; (3) Plaintiff's Second Amended Complaint contains numbered paragraphs that contain as many as seven separate factual allegations per paragraph; (4) the Counts set forth in Plaintiff's Second Amended Complaint contain multiple unrelated allegations which should be listed as separate causes of action; and (5) Plaintiff's Second Amended Complaint still contains numerous improper case law citations that act as a written arguments as opposed to factual allegations.

11. Due to these defects, and others, the Defendants cannot properly respond to Plaintiff's Complaint.

12. If the Court allows Plaintiff's Second Amended Complaint to stand, the Defendants will be greatly prejudiced.

## CONCLUSION

The Plaintiff's Second Amended Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure and should be dismissed. If Plaintiff's Amended Complaint is allowed to stand Defendants will be greatly prejudiced and it will be impossible for the Court to conduct orderly litigation in this matter.

**WHEREFORE**, the VILLAGE OF MAYWOOD respectfully requests that Plaintiff's Complaint be dismissed and for the following relief:

1) Grant Plaintiff leave to file a Third Amended Complaint within 14 days from the date the Court rules on the Village's Motion to Dismiss Plaintiff's Second Amended Complaint;

2) Require Plaintiff to comply with Rule 8 by doing the following:

   a. Set forth the allegations of his Complaint in short and plain statements;
   b. Set forth one allegation per each of the numbered paragraphs set forth in his Complaint;
   c. Set forth one set of facts under each Count;
   d. Set forth one cause of action per each Count; and
   e. Set forth the dates on which each of the alleged occurrences took place.

3) Grant Defendants 28 days to answer or otherwise plead from the date that Plaintiff files his Third Amended Complaint; and

4) For such further relief as this Court deems just and proper.

Respectfully submitted,

VILLAGE OF MAYWOOD,

By: /s/ Brian M. Funk

iManage:215445_1

Brian M. Funk
Klein, Thorpe and Jenkins, Ltd.
20 North Wacker Drive, Suite 1660
Chicago, Illinois 60606-2903
(312) 984-6400
ARDC:  6277501

iManage:215445_1