# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| YAODI HU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-cv-7203 |
| ) | |
| VILLAGE OF MAYWOOD and ) | Judge Robert M. Dow, Jr. |
| ROBINSON TOWING ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Yaodi Hu filed a *pro se* third amended complaint [47] on April 6, 2009, alleging numerous federal and state law violations by the Village of Maywood and Robinson Towing. Before the Court are Plaintiff's motion for partial summary judgment [76][1] and the Village's cross-motion for partial summary judgment [92], both of which are directed at Count II of the third amended complaint. Count II is a procedural due process claim based, in part, on the November 2007 towing of two of Plaintiff's vehicles pursuant to §§ 99.01 and 99.03 of the Village of Maywood Code, which govern the towing of abandoned vehicles. Also before the Court is the Village's Rule 56(f) motion [104] to deny Plaintiff's motion for partial summary judgment on the grounds that additional discovery is needed. For the reasons stated below, the

---

[1] Plaintiff's motion [76] was filed on July 9, 2009 and is styled as a motion for declaratory judgment. In a July 14, 2007 minute order [78], the Court construed the motion for declaratory judgment [76] as a motion for partial summary judgment on Count II of Plaintiff's third amended complaint challenging the constitutionality of §§ 99.01 and 99.03 of the Village of Maywood Code. Previously, on June 5, 2009, Plaintiff filed a similar motion for declaratory judgment [58]. In light of the later filed motion [76], Plaintiff's first motion for declaratory judgment [58] is stricken as moot. On July 20, 2009, Plaintiff filed a document [82] styled as a motion for partial summary judgment and supporting memorandum. That document essentially is a memorandum in support of Plaintiff's motion for partial summary judgment on Count II [76], and will be treated as such.

Village's Rule 56(f) motion [104] is granted, the Village's motion for partial summary judgment [92] is granted in part and denied in part, and Plaintiff's motion for partial summary judgment [76] is denied. To the extent the cross-motions for partial summary judgment are denied, those denials are without prejudice to allow additional discovery; the parties may refile motions for summary judgment after further discovery is taken.

I.  **Background**

The Court takes the relevant facts primarily from the parties' Local Rule ("L.R.") 56.1 statements[2]: Plaintiff's Statement of Facts ("Pl. SOF") [81], Defendant Village of Maywood's Response to Plaintiff's Statement of Facts and Statement of Additional Facts ("Def. Resp.") [96], and Defendant Village of Maywood's Statement of Facts ("Def. SOF") [100].[3]

---

[2] L.R. 56.1 requires that statements of facts contain allegations of material fact and that factual allegations be supported by admissible record evidence. See L.R. 56.1; *Malec v. Sanford,* 191 F.R.D. 581, 583-85 (N.D. Ill. 2000). The Seventh Circuit repeatedly has confirmed that a district court has broad discretion to require strict compliance with L.R. 56.1. See*, e.g., Koszola v. Bd. of Educ. of the City of Chicago,* 385 F.3d 1104, 1109 (7th Cir. 2004); *Curran v. Kwon,* 153 F.3d 481, 486 (7th Cir. 1998) (citing *Midwest Imports, Ltd. v. Coval,* 71 F.3d 1311, 1317 (7th Cir. 1995) (collecting cases)). Where a party has offered a legal conclusion or a statement of fact without offering proper evidentiary support, the Court will not consider that statement. See*, e.g., Malec,* 191 F.R.D. at 583. Additionally, where a party improperly denies a statement of fact by failing to provide adequate or proper record support for the denial, the Court deems that statement of fact to be admitted. See L.R. 56.1(a), 56.1(b)(3)(B); see also *Malec,* 191 F.R.D. at 584. The requirements for a response under Local Rule 56.1 are "not satisfied by evasive denials that do not fairly meet the substance of the material facts asserted." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 528 (7th Cir. 2000). In addition, the Court disregards any additional statements of fact contained in a party's response brief but not in its L.R. 56.1(b)(3)(B) statement of additional facts. See*, e.g.*, *Malec*, 191 F.R.D. at 584 (citing *Midwest Imports*, 71 F.3d at 1317). Similarly, the Court disregards a denial that, although supported by admissible record evidence, does more than negate its opponent's fact statement – that is, it is improper for a party to smuggle new facts into its response to a party's L.R. 56.1 statement of fact. See*, e.g.*, *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643 (7th Cir. 2008).

[3] The Village filed a motion to strike Plaintiff's statement of facts [94] on the grounds that many of Plaintiff's fact statements are not supported by admissible record evidence, contain multiple facts, or are conclusory. The Village also moves to strike Plaintiff's affidavit, which Plaintiff submitted in support of his 56.1 statement, on the ground that it is not notarized. As discussed below, Plaintiff's affidavit is inadmissible and therefore is stricken. The Court has disregarded any assertions of fact that lack proper evidentiary support – including those that are supported only by Plaintiff's inadmissible affidavit – or otherwise violate L.R. 56.1. See *Malec*, 191 F.R.D. at 583-85 (where assertions advanced as proposed statements of material fact are not supported by admissible record evidence, the Court is within its

2

Plaintiff owns property located at 1115 S. 5th Ave. in the Village of Maywood. Def. Resp. ¶ 1. Plaintiff resides at 3258 S. Paulina in Chicago. *Id.* ¶ 3. The Village has both Plaintiff's 1115 S. 5th Ave. address and his 3258 S. Paulina address on record. Def. Resp., Ex. A ¶ 4. The parties dispute whether, in November 2007, the Village knew that Plaintiff resided at the 3258 S. Paulina address.

Section 99.02 of the Village Code authorizes the towing of any abandoned or inoperative vehicle. The term "abandoned vehicle" is defined in § 99.01 as:

> (1) A vehicle parked that has been unmoved for a period of at least 24 hours and from its condition, the period during which it has not been moved, or some other circumstance appears to have been abandoned by its owner; or
>
> (2) A vehicle parked in a public parking lot or on private property without the consent of the lot owner, proprietor or agent of the property, which person has requested that the vehicle be towed * * *.

Section 99.03 provides for pre-tow notice to owners of vehicles deemed to be abandoned or inoperable "by certified or registered mail, return receipt requested, to the address of the owner of the vehicle as indicated in the most current registration list of the Secretary of State."

In November of 2007, two vehicles belonging to Plaintiff were partially parked on the deeded property of 1110 S. 4th Ave. and 1116 S. 4th Ave. Def. SOF ¶ 8. On November 9, 2009, the Village sent two pre-tow vehicle notices to Plaintiff's 1115 S. 5th Ave. address. *Id.* ¶ 16. The notices advised Plaintiff that the vehicles appeared to be "abandoned or inoperative" because they had been "abandoned at the above-mentioned location for a period exceeding 7 (seven) days and property owner authorization" had been obtained. Def. Resp., Exs. 1 and 2 to Ex. A. The notices further stated that the vehicles would be towed seven days after the date on which the notices were mailed pursuant to § 99.02 of the Village Code. *Id.* On November 19,

---

discretion to disregard the statement). Therefore, the Village's motion to strike Plaintiff's statement of facts [94] is denied.

2007, the Village authorized Robinson Towing to tow Plaintiff's vehicles. Def. SOF ¶ 17. Robinson Towing towed Plaintiff's vehicles on November 30, 2007. *Id.* ¶ 18.

In his motion for partial summary judgment, Plaintiff asserts facial and as applied challenges to the constitutionality of §§ 99.01(1) and 99.03 of the Village Code. The Village cross-moves for partial summary judgment on the grounds that the challenged provisions are constitutional on their face and as applied to Plaintiff. Somewhat incongruously, the Village also argues – both in opposition to Plaintiff's motion for partial summary judgment and in its Rule 56(f) motion – that summary judgment should be denied as premature because no discovery has been taken in this case.

## II. Legal Standards

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004).

To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an

4

element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In other words, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

Rule 56(f) states that "[i]f a party opposing [a summary judgment] motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order." FED.R.CIV.P. 56(f). Rule 56 does not require that discovery take place in all cases before summary judgment can be granted. The Seventh Circuit has noted that "the fact that discovery is not complete – indeed has not begun – need not defeat a motion for summary judgment." *Waterloo Furniture Components, Ltd. v. Haworth, Inc.*, 467 F.3d 641, 648 (7th Cir. 2006) (internal citations omitted). Rule 56(f) requires a party seeking a continuance to state the reasons why it cannot adequately respond to the summary judgment motion without further discovery and support those reasons by affidavit. *Id.*

### III. Analysis

#### A. Challenge to Village of Maywood Code § 99.01(1)

Plaintiff challenges the definition of "abandoned vehicle" set forth in § 99.01(1) of the Village Code as unconstitutionally vague. That provision defines as "abandoned" a parked vehicle "that has been unmoved for a period of at least 24 hours and from its condition, the period during which it has not been moved, or some other circumstance appears to have been

5

abandoned by its owner." The Village responds that Plaintiff's vehicles were towed pursuant to the definition of "abandoned vehicle" set forth in subsection (2) of § 99.01, not subsection (1), and that consequently Plaintiff lacks standing to challenge the constitutionality of § 99.01(1). Subsection (2) includes vehicles parked on "private property without the consent of the lot owner, proprietor or agent of the property, which person has requested that the vehicle be towed" in the definition of "abandoned vehicle."

If Plaintiff's vehicles were not towed pursuant to § 99.01(1), then the Village is correct that Plaintiff lacks standing to challenge the constitutionality of that provision. "To have standing, an individual must have suffered an 'injury in fact' that is 'fairly traceable to the challenged action.'" *Chaklos v. Stevens*, 560 F.3d 705, 710 (7th Cir. 2009) (quoting *Sierra Club v. Franklin County Power of Illinois, LLC*, 546 F.3d 918, 925 (7th Cir. 2008)). To the extent that Plaintiff's vehicles were not towed pursuant to § 99.01(1), Plaintiff cannot establish that his injury is "fairly traceable to the defendant's challenged conduct" – namely, the enactment of § 99.01(1) – and thus Plaintiff would lack standing.

The pre-tow vehicle notices state that Plaintiff's vehicles were deemed abandoned because they were parked at the same location for more than 7 days and because the Village obtained "property owner authorization." The reference to "property owner authorization" suggests that, as the Village maintains, the vehicles were towed pursuant to § 99.01(2), which provides for the towing of vehicles parked on private property without the property owner's consent. Plaintiff offers no evidence that the vehicles were towed pursuant to the challenged definition in § 99.01(1). However, the Village concedes in its summary judgment brief and Rule 56(f) motion that the question of "what section of the Village Code Plaintiff was towed under * * * [constitutes] an important material fact in dispute." [98 at 6]; see also [104, ¶¶ 13-14].

6

According to the Village, discovery is needed regarding the reason for which Plaintiff's vehicles were towed. The Court agrees. Therefore, with respect to § 99.01(1), the cross-motions for partial summary judgment are denied without prejudice to permit further discovery on the question of whether Plaintiff's vehicles were towed pursuant to § 99.01(1) of the Village Code.

### B.     Challenge to Village of Maywood Code § 99.03

Plaintiff challenges the notice procedure in § 99.03 on due process grounds. As noted above § 99.01 provides for pre-tow notice to owners of vehicles deemed to be abandoned or inoperable "by certified or registered mail, return receipt requested, to the address of the owner of the vehicle as indicated in the most current registration list of the Secretary of State." Due process requires the government to provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). Plaintiff challenges § 99.03 both facially and as applied. The Court will address each challenge in turn.

"In order to mount a successful facial attack, 'the challenger must establish that no set of circumstances exists under which the [statute] would be valid.'" *United States v. Nagel*, 559 F.3d 756, 764 (7th Cir. 2009) (quoting *United States v. Salerno,* 481 U.S. 739, 745 (1987)). On its face, the notice provision complies with the due process standard established by the Supreme Court. Under § 99.03, the Village is required to provide pre-tow notice "by certified or registered mail, return receipt requested, to the address of the owner of the vehicle as indicated in the most current registration list of the Secretary of State." Generally, notice by certified mail is constitutionally sufficient. See *Krecioch v. U.S.*, 221 F.3d 976, 980 (7th Cir. 2000) ("notice via certified mail is typically sufficient for due process purposes"); *Jones v. Flowers*, 547 U.S. 220,

7

226 (2006) (acknowledging existence of "ample precedent condoning notice by mail"). In addition, in most cases, notice to the address listed on the Secretary of State's registration list will satisfy due process. See *Jones*, 547 U.S. at 236 (due process does not require government to make an "open-ended search" for a person's address "when the State obligates the taxpayer to keep his address updated with the tax collector"); *Graff v. Nicholl*, 370 F. Supp. 974, 983 (D.C. Ill. 1974) (lack of diligence on vehicle owner's part in maintaining identification data justifies postponement of notice until after towing). Thus, Plaintiff's facial challenge to § 99.03 fails, and the Village's motion for partial summary judgment is grant with respect to the facial constitutionality of that provision.

With respect to Plaintiff's as applied challenge to § 99.03, it appears that summary judgment is not warranted at this time because no discovery has been taken, and therefore no relevant evidence regarding whether Plaintiff received constitutionally adequate notice in this case has been developed. In particular, the Court cannot determine based on the sparse record evidence before it whether Plaintiff was given notice as prescribed by § 99.03. There is no evidence that the pre-tow notices in fact were sent via certified or registered mail, such as receipts verifying delivery. The mere fact that the Village typed the words "Certified Mail" at the top of the notices is not sufficient to demonstrate that the notices actually were sent by certified mail. In addition, there is no evidence in the record that the address to which the notices were sent was the one registered with the Secretary of State.

Moreover, even if it were clear that the Village provided Plaintiff with notice in accordance with § 99.03, the Court cannot determine, on the record as it now exists, that such notice is constitutionally sufficient in this case. "[A]uthorities * * * are under a duty to use the information in their possession to determine whether the notice is reasonably calculated to reach

8

the party who has the right to the notification." *Towers v. City of Chicago*, 173 F.3d 619, 628 (7th Cir. 1999). Plaintiff argues that the Village knew that he did not reside at the address to which they sent the notices, and therefore notice pursuant to § 99.03 was not reasonably calculated to reach him. Under Seventh Circuit precedent, if the Village knew that Plaintiff would not receive the pre-tow notices, then the Village failed to provide constitutionally sufficient notice. See *Krecioch*, 221 F.3d at 980 ("Notice of forfeiture by mail to the claimant's residence is inadequate if the government knew that the claimant would not receive it"); *Schluga v. City of Milwaukee*, 101 F.3d 60, 63 (7th Cir. 1996).

On the current record, it is not clear what Village officials understood regarding the likelihood that Plaintiff would receive notices sent to the 1115 S. 5th Ave. address. The record evidence shows that, at various times in the past, the Village has sent notices to Plaintiff at the 1115 S. 5th Ave. address and the 3258 S. Paulina address. Def. SOF, Ex. B. The Village presents the affidavit of Anthony Thomas, its Director of Code Enforcement, who states that he knew that Plaintiff had two known addresses, but that he did not know where Plaintiff lived. Plaintiff relies solely on his own affidavit for his contention that the Village knew he did not live at the 1115 S. 5th Ave. address. However, Plaintiff's affidavit is not admissible.[4] The Village has moved to strike Plaintiff's affidavit [see 94] on the grounds that it is not notarized. Affidavits do not necessarily need to be notarized to be admissible. *Cornelius v. Hondo Inc.*, 843 F. Supp. 1243, 1247 (N.D. Ill. 1994). Under 28 U.S.C. § 1746, unsworn affidavits that are declared as true "under penalty of perjury," signed, and dated are admissible. See 28 U.S.C. § 1746; *Mazeika v. Architectural Specialty Products, Inc.*, 2006 WL 2850480, at *1 n.1 (N.D. Ill.

---

[4] Moreover, Plaintiff cannot testify as to what the Village knew. See *Evans v. City of Chicago*, 434 F.3d 916, 933 (7th Cir. 2006) ("self-serving statements contained in an affidavit will not defeat a motion for summary judgment when those statements are without factual support in the record").

9

Sept. 29, 2006). However, Plaintiff's affidavit is not dated and does not contain the requisite "under penalty of perjury" language. Therefore, it must be stricken.

Additional discovery may lead to evidence regarding the method by which the pre-tow notices were sent to Plaintiff and the Secretary of State's registration records for Plaintiff's vehicles. With the aid of additional discovery, Plaintiff also may develop admissible evidence regarding whether Village officials knew that Plaintiff would not receive pre-tow notices sent to the 1115 S. 5th Ave. address. In view of the current absence of such evidence, and that fact that no discovery has been taken in this case, it would be premature for the Court to enter summary judgment on Plaintiff's as applied challenge to § 99.03 for either party. Therefore, the cross-motions are denied without prejudice as to that claim to permit further discovery into the circumstances surrounding the mailing of the pre-tow notices.[5]

---

[5] The Village's Rule 56(f) motion does not explicitly seek additional discovery into the circumstances surrounding the mailing of the pre-tow notices. However, the Village's Rule 56(f) motion is relatively vague as to the scope of discovery the Village seeks, simply arguing that the Village "will be better prepared to answer Plaintiff's Motion for Summary Judgment after discovery has taken place." Therefore, discovery into the notification process employed here may well be encompassed in the Village's request for further discovery. In any event, the Court has the authority under Rule 56(f) to "issue any * * * just order," including to order discovery that is more extensive than that sought by the parties. FED.R.CIV.P. 56(f)(3). In fact, a number of courts have recognized that courts can deny or continue a motion for summary judgment to permit further discovery pursuant to Rule 56(f) *sua sponte*. See *Square El v. O'Leary*, 1988 WL 10630, at *2 (N.D. Ill. Feb. 5, 1988) (finding, *sua sponte,* in action by *pro se* plaintiff, "that the summary judgment motion has been brought prematurely; plaintiff should have further opportunity for discovery before the motion is fully considered"); *Haddock v. Nationwide Financial Services, Inc*., 419 F. Supp. 2d 156, 160 n.2 (D. Conn. 2006) ("[w]hen a party requires additional discovery in order to oppose a motion for summary judgment, Rule 56(f) permits the court to deny or to continue the motion sua sponte*"); Rustin v. City of Seaside,* 1995 WL 492629, *2 (N.D. Cal. Aug. 10, 1995) (same); *Warner-Lambert Pharmaceutical Co. v. Sylk*, 320 F. Supp. 1074, 1076 (D. Pa. 1970) (*sua sponte* ordering a continuance to permit further discovery pursuant to Rule 56(f)). *Cf. Jones v. GES Exposition Services, Inc*., 2004 WL 1151588, at *2 (N.D. Ill. April 16, 2004) (where "[i]t initially appear[ed] that summary judgment for Defendant [was] unwarranted because discovery ha[d] not closed and Plaintiff ha[d] not had a full opportunity to develop relevant evidence," broadly construing *pro se* plaintiff's request in his brief-in-opposition to summary judgment that he be given the opportunity to prove his claims, as invoking Rule 56(f)).

## IV. Conclusion

For the reasons stated above, the Village's Rule 56(f) motion [104] for additional discovery is granted.[6] The Village's motion for partial summary judgment [92] is granted as to Plaintiff's facial challenge to § 99.03 of the Village Code, and is denied without prejudice as to the constitutionality of § 99.01(1) and as to Plaintiff's as applied challenge to § 99.03. Plaintiff's motion for partial summary judgment [76] is denied without prejudice.

Dated: January 19, 2010

Robert M. Dow, Jr.
United States District Judge

---

[6] The Court notes that this matter has been referred to Magistrate Judge Keys for all discovery motions and supervision and that a status hearing is set before Judge Keys on January 25 at 9:00 a.m. As Judge Keys has noted, Plaintiff has failed to comply with court dates on several occasions in the past. See [79, 107, 112]. Plaintiff is warned that failure to appear before Judge Keys on January 25 at 9:00 a.m. may lead to sanctions, up to and including dismissal of his lawsuit pursuant to Federal Rule of Civil Procedure 41(b) for want of prosecution. See, *e.g.*, *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993) ("[t]here is no 'grace period' before dismissal for failure to prosecute is permissible and no requirement of graduated sanctions, but there must be an explicit warning before the case is dismissed"); see also Judge Keys' Minute Entry of 1/11/10 [112] ("Failure of Mr. Hu to appear [at the 1/25/10 status hearing] will result in this Court recommending to the district judge that this case be dismissed for want of prosecution").

11